In re The Petition of George Douglass to Vacate Assessment, etc.

The provision of section seven of the charter of the city of New York of 1857 (Session Laws of 1857, chap. 446, § 7), prohibiting the passing of, or adoption of, certain resolutions by the common council, until two days after the publication thereof, in *all* the newspapers employed by the corporation, is mandatory; and an ordinance or resolution, not so published, is void, and an assessment in pursuance thereof invalid.

(Argued May 23d, 1871; decided September 2d, 1871.)

Appeal from order of the late General Term of the first judicial district, affirming order of the Special Term, denying petition to vacate certain assessments. (Reported below, 58 Barb., 174.)

The resolution authorizing the work, was presented to the board of aldermen July 2d, 1863, and was referred to the committee on roads. August 25th, 1863, the committee on roads reported favorably. September 15th, 1863, the report and resolution were adopted, and directed to be sent to the board of councilmen for concurrence. September 17th, 1863, the resolution was received by the board of councilmen, and referred to the committee on roads of that board. September 21st, 1863, that committee reported favorably. September 24th, 1863, the resolution and report were adopted by the board of councilmen, and directed to be sent to the mayor for approval. The resolution was approved by the mayor, October 3d, 1863.

The New York Herald, New York Tribune, New York Leader, and New York Dispatch, were the papers employed by the corporation. Neither the original resolution, nor the reports of the committees, of either the board of councilmen or the board of aldermen, were ever published in the Leader or Dispatch. The Herald and the Tribune, published the original resolution and report of the committee of the board of aldermen, only once before it passed the board of aldermen. Each of these papers published a notice of the receipt of the resolution, by the board of councilmen from the board of aldermen, and but one notice of the report of the committee on roads of the board of councilmen.

Between September 15th, 1863, the date of the passage of the resolution and ordinance by the board of aldermen, and the 17th of September, 1863, the date of the receipt of the resolution and ordinance by the councilmen, the ordinance was published in the Tribune and Herald, but not in the Leader and Dispatch.

*Charles E. Miller*, for appellant. Statutes authorizing assessments must be strictly construed. (*Sharp* v. *Spicer*, 4 Hill, 76; *Sharp* v. *Johnson*, 4 id., 92; *People* v. *Village of Yonkers*, 39 Barb., 266, 271.)

*Richard O'Gorman*, for the corporation. The statute is directory only. (Sedgwick on S. and C. Law, 370, 371, 378; *Regina* v. *Fordham*, 11 Adolph. & El., 88; *Rex* v. *Inhab. of B.*, 8 B. & C., 29, 35; *King* v. *Inhab. of St. G.*, 2 Ad. & El., 99; *Savage* v. *Walsh*, 26 Ala., 619; *Rex* v. *Justices of L.*, 7 B. & C., 6; *Striker* v. *Kelley*, 7 Hill, 9; *People* v. *Sup. of C.*, 4 Seld., 317; *Merchant* v. *Langworthy*, 6 Hill, 646; 3 Denio, 526; *Pond* v. *Negus*, 3 Mass., 230; *Williams* v. *S. Dist.*, 21 Pick., 75; *Gale* v. *Mead*, 2 Denio, 160; *Thomas* v. *Craft*, 20 Barb., 165; *City of Lowell* v. *Hadley*, 8 Metc., 180; *People* v. *Holley*, 12 Wend., 481; *M. and H. R. R. Co.*, 19 id., 143; *People* v. *Cook*, 14 Barb., 559; 4 Seld., 88, 89, 93; *People* v. *Sup. of Ulster Co.*, 34 N. Y., 268; *Barnes* v.

*Badger*, 41 Barb., 98.)    A statute must not be so construed as to work a public mischief.    (*People* v. *Laimbeer*, 5 Denio, 9; 1 Serg. & Rawle, 106; *McKeen* v. *Delaney*, 5 Cranch, 32; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 577.)

ANDREWS, J.    The seventh section of the act to amend the charter of the city of New York, passed in 1857 (Laws of 1857, chap. 446), after providing for the organization of the two boards of the common council, proceeds as follows:

"All resolutions and reports of committees, which shall recommend any specific improvement involving the appropriation of public money, or the taxing or assessing the citizens of the city, shall be published, immediately after the adjournment of the board, under the authority of the board, in all the newspapers employed by the corporation, and shall not be passed until after notice has been published at least two days."

The manifest design of this provision, was to apprise the tax-payers of the city, in the manner pointed out by the statute, of any contemplated improvement involving expenditure and taxation, before it should be directed by the council, that by remonstrance or suggestion, the proposed action might be prevented or modified.

The prohibition against passing an ordinance involving expenditure, until the required publication should be made, was a limitation upon the power of the common council. There is no room for the suggestion, that this clause of the section was directory.    It was plainly mandatory; and a compliance with it was essential to the legal exercise, by the corporate authorities, of the power to authorize and direct local improvements, or to subject the property of citizens to assessment therefor.

Municipal, like private corporations, must act within the limitations prescribed by the sovereign power; and they cannot impose a charge upon the person or property of individuals, unless they proceed in the manner prescribed by law. (*Stetson* v. *Kempton*, 13 Mass., 272; *Sharp* v. *Spier*, 4 Hill, 76; Smith on Statutes, 789.)

The publication referred to in the last clause of the section, is the publication first spoken of, viz., a publication in all the newspapers employed by the corporation.    This is the natural construction, and it meets the design of the law, which was not only to provide, that notice should be given by publication, but to define by a uniform rule, the nature and extent of the publication to be made.

If, therefore, the resolution recommending the improvement for regulating and grading Sixty-fourth street, was not published, before it was passed by the respective boards of the common council, in all the newspapers employed at that time by the corporation, the ordinance directing it was void, and the assessment of the plaintiff, on account of it, was unauthorized.

By chapter 227 of the Laws of 1863, the corporate authorities of the city are prohibited from paying, from money raised by tax or assessment, any sum for advertising, except for advertisements in newspapers authorized by the mayor and comptroller, and it is made their duty, to designate not less than four papers in which advertisements may be inserted.

When the proceedings for regulating Sixty-fourth street were taken, there were four papers which had been designated, under the statute, for the purpose therein stated.    The designation was general in terms, but, under it, the practice had been, to publish the separate proceedings of each board of the council, in two only of such papers, and the final, completed proceedings of the joint boards, in the others.

The resolution for regulating and grading Sixty-fourth street was published, before its passage, in but two of the designated papers.    This was, we think, in plain violation of the statute.

The papers designated by the mayor and comptroller became, by such designation, and by actual employment of them by the council for advertising purposes, official papers of the corporation.

The statute required publication of the resolution referred to, in *all papers employed* by the corporation.

The extent to which these papers, or any of them, should be employed by the council, is, in the absence of any statutory rule, in the discretion of the corporation; but, in respect to notice of proceedings mentioned in the seventh section of the charter of 1857, the statute prescribed what publication shall be made. It was not intended, to leave the matter to the determination of the common council in each particular case.

The council can determine, how many of the papers designated by the mayor and comptroller, shall be employed to do the public advertising; but the statute requires, that in all of these thus employed, resolutions proposing specific improvements involving taxation, shall be published, before final action upon them.

The conclusion is, that the grading of Sixty-fourth street, was passed in violation of law, and that the assessment based upon it was void.

The order of the General Term should be reversed.

CHURCH, Ch. J., ALLEN, FOLGER, and RAPALLO, JJ., concur; GROVER and PECKHAM, JJ., not voting.

Order reversed.