Rapallo, J.
Cross-appeals are taken in this case from the judgment of the Court of Common Pleas, on demurrer to the complaint. The defendants appeal from the judgment overruling their demurrer, and adjudging the sale of the plaintiffs’ property to be void, and restraining the execution of a lease in pursuance of such sale, and the plaintiffs’ appeal from so much of such judgment as declares them not entitled to the residue of the relief demanded in the complaint, *364 which is that the assessment in question" be declared void and canceled, and that further proceedings for its collection be restrained, so far as conerns their property.
The Court of Common Pleas held that the assessment, although originally void, for want of publication of the resolution or ordinance authorizing the work, was validated by the act of 1872, chapter 580, section 7, but that it became valid only from the time of the passage of that act. That the sale having been made in September, 1871, when no valid assess ment existed, was void, and was not rendered valid by the act-of 1872. They therefore sustained the complaint in so far as it sought to restrain the execution of a lease in pursuance of such sale, on the ground that under the act of April, 1871, (chap. 381) such lease would be presumptive evidence of the regularity of the assessment and sale, and would be a cloud upon the plaintiffs’ title. But they refused to vacate or cancel the assessment.
There is no doubt of the invalidity of the original assessment by reason of the omission to advertise the resolution (In re Douglass, 46 N. Y., 42), and the only question is as to the effect of section 7 of the act of 1872 thereon.
Section 7 of the act of 1872 relates wholly to local improvements and other public works in the city of New York, completed before the passage of the act, or then being made. Its provisions, so far as they bear upon the present case, are, in substance, that no assessment imposed before the act, or thereafter to be imposed for any of those works or improvements, shall thereafter be vacated or set aside by reason of any omission to advertise any ordinance or resolution authorizing the improvement or work for which such assessment shall have been made, or by reason of any of the other defects specified in the section, and that all property in said city benefited by any improvement, or other work already completed or then being made, shall be liable to assessment for such improvement or work, and that all assessments for any such improvement or other public work shall be valid and binding, notwithstanding any such omission, etc., but that nothing in *365 the section contained shall affect any suit or proceeding to set aside an assessment, commenced before the 1st of January, 1872. The complaint shows that the work for which the assessment in question was imposed was performed before 1872.
It is claimed on the part of the plaintiffs that the declaration that all property benefited by any work already completed, etc., shall be liable to assessment therefor, indicates that the succeeding portion of the sentence, which provides that all assessments for any such work shall be valid, relates to the future assessments thus authorized, and was not intented to validate void assessments made before the passage of the act; that the intent of the act was to authorize future assessments for past or pending work, when no assessment or an invalid assessment had been previously made therefor; and to provide that no defect in the proceedings under which the work had been done should invalidate the assessments so authorized.
It is conceded that such an enactment would be valid (see Howell v. City of Buffalo, 37 N. Y., 267); but it is urged that if the intention was to validate past assessments which, under the decisions of the courts, were void when made, the act is unconstitutional, and the cases of The Mayor, etc., of Baltimore v. Horn (26 Maryland R., 194) and Denny v. Mattoon (2 Allen [84 Mass], 383) are cited in support of that proposition.
The court below held adversely to both of these positions. They present questions of importance, but it is not our intention now to pass upon them, as we do not think their determination necessary to the decision of the present case.
The clause of section 7 of the act of 1872 which enacts that no assessment theretofore made or thereafter to be made, for past or pending local improvements or public works, shall be vacated or set aside for omissions to advertise, etc., we think deprived the court of the power to grant that portion of the relief demanded in the complaint which was refused, viz.: that the assessment be declared null and void, and be *366 canceled and discharged of record, and the defendants perpetually restrained from collecting it.
It was competent for the legislature to deprive the courts of the power to give this relief, and the parties of the benefit of this form of remedy. The mere abortive attempt to impose the assessment, and the outstanding record thereof, did not deprive the plaintiffs of any of their property; and although inconvenient to an owner to have an apparent lien upon his land, yet he has no such constitutional right to the aid of a court of equity to remove such cloud upon his title, that the legislature may not deprive him of that particular remedy. It is only when the pretended lien is sought to be enforced by the taking of his property, that the owner is protected by the Constitution. If the assessment in question has not been effectually validated, the plaintiffs may resist its collection, or the title of any purchaser who may claim by virtue of a sale had under it. Their constitutional rights will then come directly in question. But no such right is violated by precluding them from taking the initiative to remove the apparent lien upon their property.
It is contended that section 7 of the act of 1872 was not intended to affect suits in equity, but only to abrogate, as to the class of assessments referred to, the summary remedy afforded by the act of 1858, chapter 338, to vacate assessments for irregularity, etc. We do not think that the language of section 7 admits of that construction. The prohibition is general and not confined to any particular form of proceeding, and the saving clause at the end of the section indicates that the legislature intended it to apply to suits as well as to special proceedings. That saving clause declares that nothing in the section contained shall affect any suit or proceeding to set aside an assessment, commenced before the 1st day of January, 1872. This clearly implies that the act is intended to affect suits commenced after that date.
The judgment, so far as appealed from by the plaintiffs, should, therefore, be affirmed.
We think the same result follows in respect to the appeal *367 taken by the defendants. The act of 1872 does not purport to give validity to sales made prior to its passage, under void assessments, nor could it have that effect. Though it should be held to validate the assessments, it could only render them operative from the time of its passage, for it must be upheld, if at all, as an exercise of the power of taxation, whereby the legislature adopted the apportionment and assessment previously made, and imposed the tax directly upon the property affected in accordance with such previous assessment. It is manifest that, until after the passage of the act, there was no valid tax, and no authority to sell the property or any interest therein, and we concur in the opinion of Bobinson, J., in the court below, upon this branch of the case.
The judgment should be affirmed on both appeals, without costs, in this court, to either party.
All concur.
Judgment affirmed.