### PETITION OF LITTLE.

*New York city — assessment for street improvements — interest required to sustain petition to vacate — publication.*

Upon proceedings to vacate an assessment, the affidavit of the petitioner stated "that at the time of the above-named assessment, she was, and still is, held liable for the payment of the assessment imposed on the lot mentioned and described in said petition." *Held*, (LAWRENCE, J., dissenting), that this was inadequate to show any right on the part of the petitioner to institute the proceedings. *Petition of Phillips*, 4 N. Y. Sup. 484, followed.

It was objected by the petitioner that the proceedings authorizing the work, which occurred in 1868, were not published in all the newspapers employed by the corporation as required by statute. The proof was that certain newspapers were designated by the common council, in 1867, to publish city notices, etc., for that year. *Held*, that it failed to show any designation of papers except for the year 1867, and any employment whatever within the ruling in *Petition of Phillips, supra.*

APPEAL by the mayor, aldermen, etc., of the city of New York, from an order at the special term vacating assessment for paving Twenty-first street, in the city of New York.

The order was granted upon the petition of Helen E. Little. Enough facts appear in the opinion.

*E. Delafield Smith* and *William Barnes*, for appellants.

*Neville & Andrews*, for respondent.

DAVIS, P. J.  The only proof the petitioner gave as to her ownership of the premises, and as to her being the party aggrieved by the assessment, is found in her *ex parte* affidavit, in which she says that, "*At the time of the confirmation of the above-named assessment on the 3d of May,* 1870, *she was and still is held liable for the payment of the assessment imposed on lot mentioned and described in said petition by ward No.* 5,402."

In *Petition of Phillips,* 4 N. Y. Sup. 484, this court held that this proof was inadequate to show any right on the part of the petitioner to institute the proceeding to vacate the assessment. The reasons assigned in that case fully apply to the case now before us.

The proofs were also defective in other respects.  Only a portion of the proceedings of the common council were produced.  It was shown that the resolution authorizing the work was introduced into the board of aldermen, March 23, 1868, and adopted by that board March 28, 1868, to which is appended a statement in these words, "No papers published between these dates."  None of the proceedings of the other branch of the common council were introduced. The petitioner produced proof of the appointment by the comptroller of three daily and three weekly newspapers, wherein the proceedings of the common council, or either branch thereof, and the notices of its committees shall be published during the year 1867.

This was all the proof given tending to show that the proceedings were not published in the papers employed "for that purpose by the corporation."  It failed to show any designation except for the year 1867 ; and it wholly failed to show any *employment* within the ruling in *Petition of Phillips,* above cited.

We think the order appealed from should be reversed with $10 costs of this appeal, besides disbursements, and the petition denied with $10 costs.

LAWRENCE, J, dissenting.  In this case, I am compelled to dissent from the views expressed in the opinion of the presiding justice, for the following reasons:

First. The petitioner being liable for the payment of the assessment imposed upon the property described in the petition, is, in my opinion, a "party aggrieved thereby," and entitled to move to vacate the assessment. Laws of 1858, chap. 338. I do not assent to the doctrine advanced in the case of *Petition of Phillips,* 4 N. Y. Sup. 484, by the general term of this department, in reference to the degree of interest in the land on which an assessment is imposed, which a petitioner must show to entitle him to attack an assessment. It is a matter of every-day occurrence for parties owning lands upon which there are unpaid assessments, to sell the same under an agreement by which the vendor covenants to pay such assessments, in case it shall be ultimately determined, in proceedings instituted to vacate the same, that such assessments are valid. This liability gives to the vendor an interest sufficient to authorize him to file his petition under the act of 1858, and makes him, in my opinion, a "party aggrieved" by the assessment, if illegal. Laws of 1858, chap. 338.

Second. I also regard the case of *Petition of Phillips, supra,* and the several cases recently decided which have followed it, as in conflict with the decisions of the Court of Appeals in *Matter of Astor,* 50 N. Y. 363, and *Matter of Smith,* 52 N. Y. 527. If I correctly apprehend the purport of those decisions, they dispose of all the points made by the corporation counsel, other than the one adverted to above.

The order below, vacating the assessment, should be affirmed with costs and disbursements.

*Order reversed.*