In the Matter of the Petition of W. S. CORWIN to
VACATE AN ASSESSMENT.

*Vacating assessments in New York — publication of notices — reception by alder-
men of notice of designation of official paper — time of — when it must be proved.*

Section 20 of the charter of the city of New York of 1870, provides : " And no
vote shall be taken in either of the boards, upon the passage of a resolution
or an ordinance which shall contemplate any specific improvement, or involve
the sale, disposition or appropriation of public property, or the expenditures
of public moneys or income therefrom, or levy any tax or assessment, until
after such notice shall have been published at least three days.   And when-
ever any vote shall be taken, such resolution or ordinance shall, before the
same shall be sent to the other board or to the mayor, and immediately after
the adjournment of the board at which the same shall have been passed, be
published with the yeas and nays and with the names of the persons voting
for and against the same, as part of the proceedings."

*Held,* that although a vote could not be taken until after the resolution or ordi-
nance had been published for three days, yet afterwards, and when the vote
was taken, the resolution or ordinance need only be published for one day.

A resolution, sent from the board of assistant aldermen, was adopted by the
board of aldermen June 3d, 1872, sent to the mayor and by him approved
June 4th, 1872.   Upon the trial of an application brought to vacate an assess-
ment levied thereunder, a notice signed by the comptroller and addressed to
the common council, dated June 3d, 1872, was introduced in evidence, show-
ing that the designation of the Daily Register as the official paper, had been
that day made and filed.  The vote upon the adoption of the resolution was
not published in that paper.

*Held,* that it rested upon the applicant to show when this notice was received
by the clerk of the board of aldermen ; that in the absence of evidence it was
to be presumed that the board had met, adopted the resolution, and trans-
mitted the proceedings to the then official paper, the *Daily Transcript,* before
the notice had been received.

Ingalls, J. dissenting (on the ground that there was no evidence of publication
after the adoption of the resolution by the board of aldermen, which the
statute requires.)

Appeal from order of the Special Term vacating an assessment.

This is a proceeding to vacate an assessment under chap. 312,
of the laws of 1874, on a certain lot of land in the city of New
York, owned by the petitioner.

The proofs show that an assessment for paving 20th street,
between 3d avenue and East River, was confirmed April 22d, 1873,
and was imposed on lot Ward No. 5,012, being the lot mentioned
and described in this petition.

That the said lot had been assessed for a prior pavement of said street, and said assessment had been paid ; the said lot forming part of the lots Ward Nos. 3,040, 3,041, which said numbers were the former Ward numbers of the lots which included the lot in question.

That the resolution authorizing the improvement was introduced into the Board of Assistant Aldermen, April 29, 1872 ; was adopted by the Board of Assistant Aldermen, May 6, 1872 ; was introduced into the Board of Aldermen May 13, 1872 ; was adopted in the Board of Aldermen, June 3, 1872 ; and was approved by the Mayor June 4, 1872.

The petitioner claimed that the proofs show that there was no publication of the resolution and ordinance after its passage by the Board of Aldermen, and before it was sent to the mayor, as required by § 20 of the charter of 1870.

*J. A. Beal*, for the corporation, appellant.

*P. A. Hargous*, for the petitioner, respondent.

DAVIS, P. J. :

The evidence did not justify the court below in vacating the assessment. It was shown that the ordinance was not published with the yeas and nays, and with the names of the persons voting for and against the same as part of the proceedings, in the Daily Register, before it was sent by the Board of Aldermen to the Mayor. That publication was not required by section 20 of the charter of 1870 to be made for three days, and a single publication was sufficient. It should not be confounded with the publication required before a vote shall be taken in either board upon the passage of a resolution or ordinance, which must be at least three days. That publication in this case must be presumed to have been made, in the Daily Transcript, where the law requires it to have been made. The Daily Register was designated as the official paper on the 3d of June, 1872, and that was the day on which the Board of Aldermen adopted the ordinance in question.

A notice signed by the comptroller and addressed to the common council, dated New York, June 3d, 1872, was put in evidence

that showed the designation of the Daily Register was made by certificate in writing, filed on that day in the office of the comptroller; but there is nothing in the case to show when in point of fact that notice was delivered to the common council or brought to the knowledge of its clerk. The designation itself may have been made and filed after the passage of the ordinance by the Board of Aldermen, and after the proceedings of that day had been sent to the Daily Transcript as official journal.

It can hardly be doubted that if the proper publication was made by the clerk of the board of aldermen in the Daily Transcript before notice of the designation of the Daily Register as the official journal, the publication would have been regular and sufficient. This court held in the Matter of *Peugnet* (5 Hun, 434–6), that it was incumbent upon the petitioner to show that the clerk of the respective boards had failed to perform their duty in respect of the publication, and at page 436, the difference in the publication required was also pointed out.

If in fact the ordinance in this case was passed by the board of aldermen in the forenoon of the 3d of June, 1872, and the proceedings of the meeting had been sent for publication to the Transcript, the publication in that journal would have been regular and lawful even if it should appear that at some subsequent hour of that day other officers of the city had designated the Daily Register as the official journal. For where a publication is once commenced by being properly delivered to an official journal it does not become invalid by the subsequent designation of another official journal, but is well published if it appear on the following day in the columns of the journal to which it had been officially delivered.

For aught that appears in this case, and very probably the fact was, that the board met and adopted the ordinance, and the clerks of the board, pursuant to the direction of the law, sent the proceedings for publication in the Daily Transcript with no knowledge or intimation that the mayor or comptroller had or were about to make a change in the official journal. And possibly the designation of the new paper was in fact not brought to the notice of the common council or of its clerks until the 4th of June. It was incumbent, as has already been said, on the petitioner to show

clearly that there was a failure to make a proper publication of those proceedings. And even then it may be greatly doubted, if there were no other ground, whether the assessment was invalid for the reason that the publication had not been made. It is not necessary to pass now upon that question, as it is left in the case extremely doubtful whether a lawful publication was not properly made of the proceedings of the 3d of June in the New York Daily Transcript, which remained to that day, and probably for the whole of it, the official journal for the purpose of publishing such proceedings.

The order should be vacated with ten dollars costs and disbursements and the proceedings remitted to the court below for a rehearing.

BRADY J. concurred.

INGALLS, J., dissenting:

We are convinced that the decision of the Special Term should be sustained. This assessment was imposed for repaving a street, and hence within the exception contained in the statute of 1874, chap. 313. The resolution directing such improvement was adopted by the board of aldermen June 3d, 1872, and approved by the mayor June 4th, 1872. During this period the Daily Register was the official journal, duly designated as the paper in which such proceedings were required by law to be published. The evidence is to the effect that no publication was made in such paper, after the adoption of the resolution directing the improvement by the board of aldermen, and before the approval thereof by the mayor. Section 20, chap. 177, of 1870, provides: "And no vote shall be taken in either board upon the passage of a resolution or an ordinance which shall contemplate any specific improvement, or involve the sale, disposition or appropriation of public property, or the expenditures of public moneys or income therefrom, or lay any tax or assessment until after such notice shall have been published at least three days. And whenever any vote shall be taken, *such resolution or ordinance shall, before the same shall be sent to the other board or to the mayor, and immediately after the adjournment of the board*

at which the same shall have been passed, be published with the yeas and nays, and with the names of the persons voting for and against the same, as part of the proceedings; and no resolution or ordinance which shall have passed one board shall be acted upon by the other board on the same day." Considering the language employed in this section, and the manifest purpose of such publication, namely, to give notice to the parties interested, to enable them to protect their rights, we are entirely satisfied that such provisions in regard to publication are not merely directory but' mandatory. (In re Douglass, 46 N. Y., 42.) The owner of property has the right to insist that the requirements of a statute shall be at least substantially observed before he is divested of his prop-. erty, or an assessment is imposed thereupon. There is no hardship in requiring public officers to discharge their entire duty in such a proceeding, and if there was, it would furnish no excuse for taking the property of the citizen, or imposing upon him a burden without observing the requirements of the law.

The order should be affirmed with costs.

Order vacated with ten dollars costs and disbursements. Proceedings remitted to court below for a re-hearing.