By the Court.—Truax, J.
The evidence shows that the corporate authorities wholly neglected and failed to appoint newspapers in which corporation ordinances should he published as required by section 20 of the charter of 1870.
*72 For this reason the original assessment was invalid (In re Douglass, 46 N. Y. 42 ; Lennon v. Mayor, 55 Ib. 364). And the only question is, was the invalidity of the assessment cured by section 7 of chapter 580 of the Laws of 1872, as amended by chapter 313 of the Laws of 1874 (See also §§ 897, 899, chap. 410, Laws 1882).
It has never been determined in this state whether the legislature can render valid, assessments which were void when made. But it was determined in the Lennon case that if the assessment in question has not been made valid, the defendants may resist its collection or may dispute the title of any purchaser who may claim by virtue of a sale had under it.
It was also determined in that case that even if the legislature could render valid such an assessment, it could only render it valid from the time of the passage of the validating act, for it must be upheld, if at all, as an exercise of the power of taxation.
In this case, there was no valid assessment and no authority to sell the property, or any interest therein, until after the passage of the Act of 1872, which was on the seventh day of May in that year. But the sale was made in consideration of the assessment and the interest thereon from the time of the confirmation of the said assessment to the time of the sale. Now if the assessment was valid only from the day the Act of 1872 was passed, then the interest should have been only from that day and not from the day when the assessment was confirmed.
The sale then was made for more than was justly due, and for that reason it is not a valid sale (Blackwell’s Tax Titles, p. 159 et seq).
The defendants’ exceptions should be sustained, and a new trial ordered with costs to the defendants to abide the result.
Sedgwick, Ch. J., and O’Gorman, J., concurred.