## METCALF *v.* NEW YORK CITY.

(*Supreme Court, General Term, First Department.*   June 19, 1888.)

:STATUTES—PUBLICATION IN NEWSPAPER—TIME.

    Laws N. Y. 1847, c. 458, prescribing that the Session Laws to be published in news-
papers in pursuance of Laws N. Y. 1845, c. 280, "shall be published within four
months after the final adjournment of the legislature in each year," is merely di-
rectory as to time, and an action may be maintained for compensation for publishing
Session Laws, although the publication did not occur within the statutory period.

Appeal from circuit court, New York county; MILES BEACH, Justice.
Action by Henry B. Metcalf against the mayor, aldermen, and commonalty
.of the city of New York.   Judgment for plaintiff, and defendants appeal.
Argued before VAN BRUNT, P. J., MACOMBER and BARTLETT, JJ.
*John J. Townsend* and *Henry R. Beekman,* for appellants.   *Charles D.
Adams,* for respondent.

BARTLETT, J.   Chapter 458, Laws 1847, prescribes that the Session Laws
to be published in newspapers in pursuance of chapter 280, Laws 1845, "shall

be published within four months after the final adjournment of the legislature in each year." The sole question involved in the present appeal is whether this provision is mandatory or merely directory. This action was brought to recover compensation for the publication of the Session Laws of 1885 in a newspaper called the "Daily Telegraph." The legislature of 1885 finally adjourned on the 15th day of May in that year. The publication of the Session Laws in the Daily Telegraph did not begin until November 26, and was not completed until December 18, 1885. In behalf of the appellants it is insisted that the statutory provision in reference to the time within which publication is to be made is a limitation of power, of which all persons dealing with the city are bound to take notice, and that no suit can be maintained to recover compensation for a publication of the Session Laws made in disregard of that limitation.

We think the trial court was correct, however, in treating this provision as merely directory. The distinction between statutes which are mandatory and statutes which are directory has been clearly defined and amply illustrated in a long series of decisions, all of which sanction the rule laid down by MARCY, J., in *People* v. *Allen*, 6 Wend. 486, to the effect that "where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of office, it will be considered as directory merely, unless the nature of the act to be performed, or the language used by the legislature, show that the designation of time was intended as a limitation of the power of the officer." See, also, *People* v. *Cook*, 14 Barb. 259, 290; *French* v. *Edwards*, 13 Wall. 506. The manifest purpose of publishing the Session Laws in two newspapers in each county is to inform the public generally of the enactment of new statutes. While it is doubtless desirable to furnish such information to the people as speedily as possible, it seems to be plainly for the public interest that the Session Laws should be published after the prescribed time has elapsed rather than that they should not be published at all. The statute contains no words importing a prohibition; and we find no reason to believe that such a delay as occurred in the present case could work any substantial injury to any one. Under these circumstances a statutory direction as to the time within which an act is to be done is not to be deemed a limitation of power. *In re Broadway*, 63 Barb. 572. The only case cited by the learned counsel for the appellants to sustain his view that the provision in question is mandatory is *In re Douglass*, 46 N. Y. 42. The statute there under consideration prescribed that all resolutions and reports of committees of the common council of the city of New York, recommending taxation or assessment, should be published in all the newspapers employed by the corporation, and should not be passed until notice had been published for at least two days; and the court said there was no room for the suggestion that this requirement was directory. That case differed radically from this in the fact that the statute there in question contained express words of prohibition, and was therefore plainly mandatory. An authority which is not cited by the appellants, but which we find upon the respondent's brief, bears a much closer resemblance in its facts to the case at bar. *State* v. *Lean*, 9 Wis. 279, 292. The constitution of Wisconsin provided that no general law should be enforced until published. A statute of that state (Wisconsin) required the secretary of state to furnish to the person authorized to do the state printing, within one week after its passage, a copy of every general law, and the latter was required to "immediately publish the same in a newspaper printed at the seat of government." He also was required to print all laws, both general and special, in bound volumes, and to deliver them to the secretary of state within 60 days after the adjournment of the session at which they were enacted. The supreme court of Wisconsin held that the statute was so far directory as to permit the printer, even if he failed to make an immediate publication of the general laws, to publish them at any time prior to the issue of the bound

volumes, but that after these volumes were actually issued the power of newspaper publication was at an end. This conclusion was based upon the view that the provision for immediate publication in the newspaper evidently contemplated a publication before the issue of the bound volumes, and when the latter had been issued and distributed among the people they had the right to look to those volumes as containing the laws by which they were to be governed until the legislature met again. But no such inference can be drawn in this state from our statutes in reference to the publication of the Session Laws in book form; for the existing statute on the subject (Laws 1881, c. 5) provides for the printing and publishing of the Session Laws in a continuous volume or volumes within 50 days after the adjournment of the legislature. Thus four months are allowed for the newspaper publication, while the publication in volumes is directed to be made within 50 days. It is impossible, therefore, to infer a legislative intent that the newpaper publication must necessarily take precedence in order of time. We agree with the counsel for the respondent that the bound volumes are mainly intended for public officers, libraries, and the legal profession, while the publication of the Session Laws in newspapers is intended to reach the mass of the people, few of whom ever see or buy the statutes in book form. The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concur.