FRANK L. WARRIN, Appellant, *v.* FRANCIS B. BALDWIN, Respondent.

Under the provision of the act of 1877 (chap. 268, Laws of 1877), in reference to the sale of lands for unpaid taxes in the county of Queens, as amended in 1878 (chap. 226, Laws of 1878), where the county treasurer strikes off lands to a town, as directed by said act, in case there are no bids for the same, his fees become simply matter of account, "a charge against said town," to be audited by the town board the same as other claims against the town (chap. 305, Laws of 1840, chap. 490, Laws of 1847.) Said officer has no right, without audit or direction, to deduct his fees from funds in his hands belonging to the town.

Where it appeared that said county treasurer had been in the habit of paying himself the fees allowed by law upon such sale out of the trust funds of the town in his possession without previous audit; that upon a sale he had struck off a large number of lots to a town, and that said officer claimed the right thus to satisfy his claim. *Held,* that an action was maintainable under the act of 1881 (chap. 531, Laws of 1881), by a taxpayer of the town to restrain such illegal action.

*Warrin* v. *Baldwin* (25 Hun, 334), reversed.

(Argued April 22, 1887; decided May 10, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1885, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. (Reported below, 35 Hun, 334.)

This action was brought by plaintiff, as a taxpayer of the town of Newtown, Queens county, against defendant, as county treasurer of that county, to restrain him "from paying to himself and charging to said town of Newtown his

fees and the expenses of advertising upon such lots　*　*　*
and pieces of land " as might at an approaching tax sale set
forth in the complaint " be struck down to said town of New-
town until the same shall be properly audited and allowed by
the board of town auditors."

The court found, in substance, that at the commencement
of the action the defendant, as county treasurer, had adver-
tised and was about to sell a large number of lots for unpaid
taxes, and that since the commencement of the action he had
sold them; that upon such sale there was no bid for a large
number of said lots, and that these were in compliance with
the statute struck down by defendant to the town for a term
of one thousand years; that it has been the habit and custom
of the defendant to charge against said town immediately
after the annual sales of lands for taxes, the amount of his
fees and expenses upon the lots so struck down to the town
without presenting his claim therefor to the board of town
auditors for audit and allowance. The defendant, by his
answer, claimed the right so to do and alleged that the town
board had no jurisdiction to audit his claim.

*Francis M. Scott* for appellant. Plaintiff is entitled to
maintain this action, the practice of the county treasurer
being illegal. (Laws of 1881, chap. 571; *Osterhoudt* v.
*Rigney*, 98 N. Y. 222.) The county treasurer's fees and
expenses of advertising on lots struck off to the town are
town charges in the sense in which those words are used in
the Revised Statutes. (1 R. S. star page. 358; *People* v.
*Hawes*, 34 Barb. 69; *Brady* v. *N. Y.*, 2 Sandf. 460; *Bright*
v. *Chenango*, 18 Johns. 242.) They must be audited by some
competent body before it can be lawfully collected. (Laws
of 1840, chap. 305, § 1; *Bell* v. *Town of Esopus*, 49 Barb.
560; *People ex rel. Thurston* v. *Elmira*, 20 Hun, 150;
*People ex rel. Bentley* v. *Whalen*, 15 Week. Dig. 410.)
The board of town auditors is the only body having
authority and jurisdiction to audit the county treasurer's
claim against the town for fees and expenses. (1 R. S. 367,

part 1, chap. 12, tit. 2, § 4, paraphrased from Laws of 1813, chap. 49, § 2; part 1, chap 11, tit. 4, art. 5, § 46; 2 R. Laws, 280, § 31; 1 R. Laws, 290, chap. 78, Laws of 1813, § 28; 2 R. Laws, 138, chap. 49, Laws of 1813, § 2; Laws of 1840, chap. 305; Potter's Dwarris on Statutes, 156; *Wood* v. *Wellington*, 30 N. Y. 218; *Dash* v. *Van Kleek*, 7 Johns. 497; *Col. Mfg. Co.* v. *Vanderpoel*, 4 Cow. 556; *Livingston* v. *Harris*, 11 Wend. 329; *Plank Road* v. *Allen*, 16 Barb. 15, 18; *Davis* v. *Fairbanks*, 2 How. [U. S.] 636.) Even if the board of supervisors had jurisdiction to audit town accounts, the mere submission to that board at its annual meeting of all accounts of the county treasurer would not constitute a sufficient audit of the treasurer's claim against the town. (*Super. of Richmond Co.* v. *Wandell*, 6 Lans. 33; Laws of 1845, chap. 180, § 24; Laws of 1847, chap. 490, § 2.)

*H. E. Sickels* for respondent. There being no waste or injury alleged in the complaint plaintiff was not entitled to any judgment. (Code, § 1925.) The validity of the assessment cannot be determined in this action; it can only be done in a direct and appropriate proceeding for that purpose. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *Western R. R. Co.* v. *Nolan*, 48 id. 513; *Susq. R. R. Co.* v. *Super., etc.*, 25 id. 312.) The county treasurer is entitled to charge and receive the fees allowed him whenever and as soon as he performs the duty for the performance of which he is allowed the compensation. (*People ex rel. Weeks* v. *Baldwin*, 19 Hun, 308.) Independently of this consideration, the spirit and intent of the act shows that the treasurer is entitled to his compensation at once. (Laws of 1878, chap. 229, § 2.) In view of the fact that the law under which the treasurer is proceeding says that for all lots sold he is entitled "to charge and receive" certain fees and expenses, which are fixed by the statute, there is nothing left for the board. They have no power to alter or change the same. (*People* v. *Street*, 23 Barb. 338; *Merritt* v. *People*, 3 Denio, 381) As there is a clear and specific method prescribed for the adjustment

of the treasurer's accounts, the case is not within the provision of the Code or the act of 1881, as to suits by taxpayers. (*Lutes* v. *Briggs*, 64 N. Y. 404.)

FINCH, J. The act of 1881 (chap. 531), expressly authorizes a taxpayer to maintain an action for the prevention and restraint of "any illegal official act" on the part of the officers of any county, town, or municipal corporation; and if the intended and threatened act of the defendant, as county treasurer, is illegal, the plaintiff is entitled to sue and to prevent the meditated violation of law, irrespective of the consequences of such violation. The statute assumes that any illegal official act is or may be injurious to the corporation when done by its servant, and allows him to be restrained simply because of the illegality. The complaint here is, that the county treasurer has been in the habit of paying himself out of the trust funds in his possession the fees allowed by law upon sales of land for unpaid taxes, without previous audit of his claim, and alone determining the amount of the debt due from himself as trustee to himself as officer. He stands here upon his right; not denying his past habit or future purpose, but insisting that his conduct is not illegal, and so his action should not be restrained.

The sale of lands for unpaid taxes in the county of Queens is the subject of a special statute. (Laws of 1877, chap. 268; Laws of 1878, chap. 226.) Under its provisions the receivers and collectors of taxes are required to report to the county treasurer all such taxes; the latter is directed to examine the list, and, having rejected therefrom such as cannot be lawfully enforced by reason of imperfect description or otherwise, to advertise them for sale. Pending the notice, owners or parties in interest may pay the taxes with charges and expenses, and the lands thus freed from liability must be withdrawn from the proceedings. The balance are to be sold by the treasurer at public auction for the shortest term of years for which any person will take the premises and pay the taxes with percentage, interest and expenses. In case no

bids are made the treasurer is commanded to strike off the
land to the town in which it lies for a term of 1,000 years,
and in all cases of sales is to execute and deliver the proper
leases.   The act allows the county treasurer as fees for his
service $1 for every lot or parcel assessed which has been
released by payment before sale; in case of sale $1.50 for
each separate lot and parcel assessed and sold; where a lease
is given $1 to be paid by the person receiving it, and for
making and certifying a search $3.   There is no difficulty and
no dispute about these fees when actually paid by purchasers
other than the town.   Such fees belong to the treasurer and
may be received by him and appropriated to his own use.
They never become town or county funds, or a part of the
trust money in the officer's hands.   But the situation is quite
different where he strikes off the land to a town.   In that
event no money is paid or received, and the taxes and fees
become purely matters of account.   The statute provides that
in such case the fees and expenses of publication " shall be a
charge against said town."   They become a debt due to the
treasurer, and are, when earned and expended, a claim in his
favor against the town.   Until it pays the charge the fees and
expenses do not come to him as such or become his money.
If he takes their amount from the trust funds in his custody
without audit or direction, he simply collects his own debt
against the town out of moneys already devoted to other spe-
cific purposes, and fixes for himself the amount of the debt
which he assumes to collect.   The statute provides that all
claims against the town must be audited by the town board
(Laws of 1840, chap. 305), and for that purpose must be pre-
sented in items and verified by the oath of the creditor.
(Laws of 1847, chap 490, § 2.)   The officer repudiates the
need of this audit.   But the act is broad and general, and
admits of no exception unless as the product of some special
legislation.   Such exception cannot fairly be reasoned out
of the act of 1878.   Its permission that the treasurer may
" charge and receive " the fees allowed implies that some-
body is to pay, and is satisfied by an application to the cases

in which the fees are paid as such.   It is said there is no need of an audit because the amount is fixed.   But the number of sales may be incorrectly asserted, or the expenses unduly increased, and the auditing board have a right to be satisfied that the fees claimed have all been earned.

It is suggested that the treasurer must collect his fees at once in order to correctly perform his duties, since on a sale he must make a certificate stating the amount of tax, with interest and expenses added, so that one coming to redeem may know what to pay; and since the town may assign its certificate for the amount of bid, expenses and treasurer's fees, with twelve per cent interest from the date of sale.   In each case the fees of the treasurer are fixed, though he is not paid, and his duty is easily and may be correctly performed. Whether the town assigns or does not, is its own concern, and does not affect its liability to the treasurer for the fees that he has earned.   It is added that his accounts are annually subjected to the examination of the board of supervisors, but, when they are, his voucher for a claim against the town should be the audit of its board.   The act of 1884 (chap. 484) now specifically requires such audit and makes certain for the future what was disputed in the past.   It is easy to see the evils which might result from a contrary rule, and we deem it our duty to hold that the act of 1878 did not authorize the treasurer to collect from the trust funds the fees in question, without the audit of the town board.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.