# Cases

## DETERMINED IN THE

# THIRD DEPARTMENT

### AT

## GENERAL TERM,

## February, 1894.

---

In the Matter of the Proceedings to Extend SOUTH MARKET
STREET in the Village of Johnstown.

76h    85
77 A.D⁶502

*Amendment of a section not existing in the statute amended — rights acquired under
officials of limited jurisdictions — proceedings for condemnation of land — must
comply with the statute — discontinuance of — second proceeding — want of author-
ity for.*

Section 18 of chapter 78 of the Laws of 1890, which purports to amend section
103 of chapter 303 of the Laws of 1881, is a valid provision of law relating to
the village of Johnstown and binding upon the village authorities as a part of
its charter, notwithstanding the fact that chapter 303 of the Laws of 1881, at
the time of the passage of chapter 78 of the Laws of 1890, contained but 102
sections.

The board of trustees of a village are creations of the statute, with no inherent
powers except such as are derived therefrom, and in the exercise of their extra-
ordinary power of taking private property for public uses, against the will of
the owners, they must follow strictly the course pointed out by the statute.

Those claiming rights under the action of officials of inferior and limited juris-
dictions must show affirmatively the facts upon which such jurisdiction rests.

The charter of a village provided that "all notices, motions or resolutions offered
by any member of the board of trustees * * * of said village shall be
entered upon the minutes or journal of proceedings, together with the name of
the member offering the same; all votes upon such motions and resolu-
tions * * * shall be by calling of the roll, the members voting aye
or nay; the vote of each member shall be recorded in the minutes or journal of
proceedings."

Upon an appeal from an order appointing commissioners in condemnation pro-
ceedings, instituted under the alleged authority of certain resolutions passed
by such board of trustees, the only evidence of the vote of the members of
such board upon such resolutions was the affidavit of the village clerk to the

effect that such resolutions were offered by a specified trustee, were "regularly voted upon, and said vote was recorded as follows (all voting aye)." The record of the proceedings, as kept by the village clerk, did not show that the board of trustees ever voted on the resolutions.

*Held*, that the board of trustees failed to comply with the provisions of the charter, and having failed to acquire jurisdiction all proceedings taken under such resolutions were void

The order of a court appointing commissioners for the condemnation of property under the law of eminent domain is not *ipso facto* violated or annulled by the delay of such commissioners to act, and so long as the proceedings wherein such commisioners were appointed are not discontinued there is no statutory right or authority to institute other proceedings for the same purpose.

The right to discontinue proceedings for the condemnation of property under the law of eminent domain seems to rest in the sound discretion of the court when applied to for that purpose.

APPEAL by James Younglove from an order of the Supreme Court, made at the Saratoga County Special Term and entered in the office of the clerk of the county of Fulton on the 4th day of October, 1893, appointing commissioners to ascertain and assess the damages claimed by certain land owners in proceedings for the extension of South Market street in the village of Johnstown.

*Edwin Baylies* and *John M. Carroll,* for the appellant Younglove.

*Andrew J. Nellis*, for village.

*Philip Keck*, for Wade and others.

*Henry W. Thorne*, in person.

MAYHAM, P. J.:

The first objection to the validity of the order sought to be reversed, urged on this appeal, is based upon the contention that the papers used on this motion were insufficient to confer jurisdiction or authority upon the court to grant the order.

The papers used by the respondent in support of this motion consist of a certified copy of a series of resolutions relating to the extension of said street, purporting to have been adopted at a meeting of the board of trustees of the village of Johnstown on the 22d day of May, 1893.

The record shows that on these papers the Special Term of this

court sitting at Amsterdam on the 12th day of June, 1893, made an order appointing three commissioners to assess such damages and benefits, if any, awarded, on the real estate in the village affected by the extension of South Market street in the village of Johnstown. But no action by such commissioners appears to have been taken thereunder prior to the 4th day of September, 1893.

On that day, as appears from certified copies of the minutes of the proceedings of the board of trustees of the village, another series of resolutions was adopted looking to the appointment of other commissioners to assess the damages and benefits to land owners by extension of South Market street, which resolution and the proceedings taken thereunder constitute the basis of the order from which the appeal is taken.

The first resolution provided for the extension of Market street and fixed the extent and boundaries of the proposed extension. The next resolution contained the names of the persons whose lands were proposed to be taken for such extension.

The third resolution contained the names of residents and land owners of the village adjudged by the trustees as likely to be benefited by the improvement. The fourth resolution provided for the assessment of benefits on such real property as the commissioners to be appointed should determine were to be benefited thereby.

The fifth resolution required the land owners to file claims for damages. The sixth resolution directed the clerk of the village to publish notice of the extent of the improvement and giving notice to claimants for damages of the time and place of applying to the court for the appointment of commissioners to assess the benefits to land owners. The seventh resolution required the clerk to serve copies of said notice on land owners.

These resolutions, which are set out in full, are authenticated by the village clerk, and attested by the village seal.

These resolutions were followed by a copy of the notice published by the village clerk, certified in like manner and authenticated by the village seal. The moving papers also contained the names of claimants for damages with the amounts claimed by them respectively.

Appended to the papers above referred to is the affidavit of the village clerk of the village of Johnstown, as follows :

" STATE OF NEW YORK, $\}$ *ss.* :
  *County of Saratoga.* $\}$

· " James D. Rogers, being duly sworn, says that he is the clerk of the village of Johnstown, and has been for some months past; that at a regular meeting of the board of trustees of said village held on the 4th day of September, 1893, the resolutions hereunto annexed were offered by Mr. Maylender, a trustee of said village, was regularly voted upon and said vote was recorded as follows (' all voting aye '), and that said record is now deposited in deponent's office and is a part of the regular records of said village.

"JAMES D. ROGERS.

      " Sworn to before me $\}$
this 30th day of October, 1893. $\}$

                  " W. P. BUTLER,
                        "*Notary Public.*"

This affidavit is the only evidence in the papers of the vote of the village trustees upon the adoption of the resolution, and it appears by the affidavit used in opposition to the motion that the record of the proceedings, as kept by the village clerk, does not show that the board of village trustees ever voted on the resolutions to extend South Market street at the meeting of the board on the 4th day of September, 1893; but it appears by the affidavit of the clerk that the vote on the same was recorded as follows, " all voting aye."

It is insisted by the appellant that this is not sufficient; that the record does not disclose that there was a majority of the trustees of the village present or acting on these resolutions, or that any vote of the trustees was legally taken.

Section 18 of chapter 78 of the Laws of 1890 purports to amend section 103 of chapter 303 of the Laws of 1881 so as to read as follows: " Section 103. All notices, motions or resolutions offered by any member of the board of trustees, board of water commissioners, or board of health of said village, shall be entered upon the minutes or journal of proceedings, together with the name of the member offering the same; all votes upon such motions and resolutions (and all votes for appointments made by any of the above-named boards) shall be by calling of the roll, the members voting

aye or nay; the vote of each member shall be recorded in the minutes or journal of proceedings."

It is true that an examination of chapter 303 discloses that there are but 102 sections in that chapter, and that, therefore, section 103 is not an amendment of that section in the original act; it is nevertheless a valid provision of law relating to the village of Johnstown, and binding upon the village authorities as a part of its charter. Section 21 of chapter 303 of the Laws of 1881 requires the village clerk to attend all meetings of the trustees of the village, and record their proceedings, and section 86 of that chapter makes the minutes of such proceedings evidence in all courts of the acts of the board of the village trustees as such.

The power sought to be exercised in this proceeding is that of condemnation of private property for public purposes, under the right of eminent domain vested in the sovereign government; but that power cannot be exercised except in conformity to law. The board of trustees are creations of the statute, with no inherent powers except such as are derived from the statute, and it seems to be the policy of the law that in the exercise of their extraordinary power of taking private property for public uses against the will of the owner, they must follow strictly the course pointed out by the statute.

It has long been the settled doctrine that those claiming rights under inferior and limited jurisdictions must show affirmatively the facts upon which such jurisdiction rests. (*Dakin* v. *Hudson*, 6 Cow. 221; *Cornell et al.* v. *Barnes*, 7 Hill, 35; *People* v. *Koeber*, Id. 40; *Corwin* v. *Merritt*, 3 Barb. 343.)

In the last cited case MASON, J., in discussing the question, uses this language: "It is a familiar principle that every statute authority in derogation of the common law to divest the title of one person and transfer it to another, must be strictly pursued, or the title will not pass."

In *Sharp* v. *Johnson* (4 Hill, 99) BRONSON, J., uses this language: "When lands are to be taken under a statute authority, in derogation of the common law, every requisite of the statute having the semblance of benefit to the owner must be strictly complied with."

The principles enunciated in these cases have been strictly

adhered to, so far as we know, in all the cases involving similar questions which have subsequently come before the courts of this State.

In *The Matter of Widening Carlton Street in Buffalo* (16 Hun, 497, 499) the failure to comply with the technical requirements of the statute by the common council in taking and recording the vote, on the resolution to widen the street, was passed upon by the Supreme Court in the fourth department.

That charter provided that the common council, in authorizing the taking of land for the widening of a street, " may declare by resolution to be adopted by a vote of two-thirds of its members."

The charter also provided that when, by its provisions, "a vote of more than a majority is required, it shall be taken by the yeas and nays, which shall be entered on the journal," etc.

Under these provisions it was held that to render a resolution declaring that the city had determined to take land valid, it must appear from the journal itself that it was adopted by a two-thirds vote, and that such fact could not be proved by extrinsic evidence. In discussing that question TALCOTT, J., says : " But no parol or other evidence, other than the journal of the proceedings of the common council, is admissible, to establish the fact that the vote was a two-thirds vote. The statute, in order to render this matter certain, has provided that in such case the vote shall be taken by yeas and nays, and that such vote shall be entered on the journal, and unless this thing is done the proceeding is void, and the only legal evidence that the resolution was passed by the requisite vote is the record of the proceedings of the common council, kept according to law."

To the same effect is the decision of the Court of Appeals (78 N. Y. 362) affirming above case.

Nor can it be held that this requirement of the statute is immaterial. It was evidently enacted as an amendment to the original charter to cure some supposed defect in that charter; but whatever the object, it is sufficient that the law requires the name of the mover of these resolutions to be entered upon the journal, and that the vote taken upon them shall be by yeas and nays, and that the vote of each member shall be recorded in the journal kept by the clerk, which, in this case, seems to have been omitted.

In *Merritt* v. *The Village of Port Chester* (71 N. Y. 309), which was a proceeding to charge the property of an individual with the expense of a local improvement, ALLEN, J., says: "It is a statutory proceeding affecting the property of the citizen, and by which it may be taken from him, and, therefore, within well-established rules of law, the statute must be strictly pursued, and any departure in substance from the formula prescribed by law vitiates the proceedings." It would seem to follow, therefore, that the board of trustees, by failing to comply with the provisions of the statute above quoted, did not acquire jurisdiction, and that their resolutions conferred no authority upon the Special Term to make the order appealed from.

Nor do I see by what statutory right or authority these proceedings were instituted, so long as other proceedings of a similar character were pending for the condemnation of land proposed to be taken for the extension of this street. No direct action seems to have been taken for the discontinuance of the former proceedings, and the former commissioners seem to have met, and qualified and fixed a time for a hearing, but had made no report. It is true that the statute (§ 48 of chap. 303, Laws of 1881) requires that the determination and assessment of the commissioners shall be returned to the trustees within sixty days, and while an omission on their part to comply with that provision of the statute might in a proper action have subjected them to removal, I do not think an order of the court by which they were appointed *ipso facto* violated or annulled by that delay.

The right to discontinue proceedings for the condemnation of property under the law of eminent domain seems to rest in the sound discretion of the court, when applied to for that purpose. (*Matter of Waverly Water Works Co.*, 85 N. Y. 478; *Matter of Commissioners of Washington Park*, 56 id. 144; *Carleton* v. *Darcy*, 75 id. 375; *People* v. *Common Council*, 78 id. 56.)

We are inclined, therefore, to the opinion that the objection made by the appellant upon the record, that there was another proceeding pending for the same matter, was well taken, and that the order in the matter should not for that reason be sustained.

The view we have taken of the case renders it unnecessary for us to examine the constitutional question raised by the appellant.

The order of Special Term should be reversed, with ten dollars costs and printing disbursements.

Herrick, J., concurred in result ; Putnam, J., not acting.

Order of Special Term reversed, with ten dollars costs and printing and other disbursements.