HENRY GERLACH, Appellant, *v.* WILLIAM BRANDRETH, as President, JOEL D. MADDEN and Others, as Trustees of the Village of Sing Sing, New York, and Others, Respondents.

*Municipal corporation — action by a taxpayer against village trustees who have made excessive appropriations — injury peculiar to him need not be shown.*

A taxpayer in a village may properly maintain an action against the members of the board of trustees thereof, who have appropriated for the expenses of the village during a fiscal year $6,700 more than the village charter allowed, and have ordered drafts for that amount to be drawn on the village treasurer.

In such a suit it is not necessary for the taxpayer to show injury peculiar to himself from the act of the public officials.

APPEAL by the plaintiff, Henry Gerlach, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 7th day of May, 1898, upon the decision of the court rendered after a trial at the Westchester Special Term dismissing his complaint on the ground that

it did not state facts sufficient to constitute a cause of action, with notice of an intention to bring up for review, upon such appeal, an order made at the Westchester Special Term, and entered in said clerk's office on the 7th day of May, 1898, dismissing the complaint.

*Frank L. Young,* for the appellant.

*Smith Lent,* for the respondents.

WILLARD BARTLETT, J. :

In granting the motion for the dismissal of the complaint, which was made before any testimony was taken, it is evident that the learned court, at Special Term, must have misapprehended or overlooked the allegations of the complaint, which are to be found in the subdivisions of the complaint numbered 4th and 8th.

In the 4th subdivision it is alleged, in substance, that the charter of the village of Sing Sing,* as amended in 1897 (Laws of 1897, chap. 496), empowered the board of trustees to assess, levy and collect upon the real and personal property, within the limits of said village, a sum not to exceed $20,000 in any fiscal year, to be expended to defray the general expense of said village, and that the same statute declared that the board should have no power to contract any debt or liability or enter into any obligation or appropriate any money exceeding the amounts therein prescribed.

In the 8th subdivision of the complaint it is alleged that the defendants, who constitute the board of trustees of the village of Sing Sing, have contracted debts and liabilities and have entered into obligations and have appropriated money during the fiscal year ending on the second Tuesday in March, 1898, and have ordered drafts drawn upon the treasurer of the village therefor, "and appropriated on the general expense account a sum exceeding the amount which, by law, they were entitled to expend, in the sum of six thousand seven hundred ($6,700) dollars." Then follows an allegation that the said drafts are illegal and void as against the village.

We do not see why these averments are not sufficient to enable a taxpayer, like the plaintiff, to maintain a suit against public officers to restrain illegal official acts under the Code and statutes, authorizing this form of action. (Code Civ. Proc. § 1925 ; Laws of

---

* Laws of 1896, chapter 83.— [REP.

1892, chap. 301 ;* *Talcott* v. *City of Buffalo,* 125 N. Y. 280 ; *Ziegler* v. *Chapin,* 126 id. 342.)

The opinion of the learned judge who heard the case at Special Term indicates that he gave no force or effect to the averment that the trustees, being empowered to appropriate not more than $20,000 for general expense in any fiscal year, had in fact appropriated in one such year $6,700 more than the law allowed, for which they had ordered drafts drawn on the village treasurer. Such a state of facts presented a *prima facie* case of illegal official action, the further prosecution or consummation of which might well be opposed by a taxpayer's suit, under the legislation to which we have referred. In such a suit it is not necessary to show, as the defendants here seem to suppose, that the plaintiff will suffer peculiar injury. It is enough for him to show that he has the status as a taxpayer which the statutes prescribe, and that the act of the defendants is one which the law forbids.

For these reasons, without reference to the other points discussed upon the argument, we think it was error to dismiss the complaint on the ground stated.

All concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.

---

* Amending chapter 531, Laws of 1881.— [REP.