## GERLACH v. BRANDRETH et al.

(Supreme Court, Appellate Division, Second Department.   November 22, 1898.)

1. MUNICIPALITIES—WASTING CORPORATE FUNDS.

An averment that the charter of a village authorized the contracting of debts, and the levying of taxes for their payment, to a stated amount, and that the village officers have made appropriations in excess of that sum, and ordered drafts to be drawn therefor on the village treasurer, states a cause of action, within Code Civ. Proc. § 1925, and Laws 1892, c. 301, authorizing an action to restrain a municipality from wasting its property or funds by any person assessed therefor, or who has paid a tax therein, within a year prior to the commencement of such action.

2. SAME—INJUNCTION—PARTIES.

  Under Code Civ. Proc. § 1925, and Laws 1892, c. 301, authorizing tax-
  payers to restrain the illegal expenditure of municipal property and funds,
  a taxpayer may bring an action to restrain such expenditure without
  showing that he will suffer peculiar injury; proof that he is a tax-
  payer, and that the act sought to be restrained is illegal, being sufficient.

Appeal from special term, Westchester county.

Action by Henry Gerlach against William Brandreth, as president, and others, as trustees and officers, of the village of Sing Sing, to cancel certain village drafts alleged to be void, and to enjoin payment of the same. There was a judgment dismissing the complaint, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank L. Young, for appellant.
Smith Lent, for respondents.

WILLARD BARTLETT, J. In granting the motion for the dismissal of the complaint, which was made before any testimony was taken, it is evident that the learned court at special term must have misapprehended or overlooked the allegations of the complaint which are to be found in the subdivisions of the complaint numbered fourth and eighth. In the fourth subdivision it is alleged, in substance, that the charter of the village of Sing Sing, as amended in 1897 (Laws 1897, c. 496), empowered the board of trustees to assess, levy, and collect, upon the real and personal property within the limits of said village, a sum, not to exceed $20,000 in any fiscal year, to be expended to defray the general expense of said village, and that the same statute declared that the board should have no power to contract any debt or liability, or enter into any obligation, or appropriate any money, exceeding the amounts therein prescribed. In the eighth subdivision of the complaint it is alleged that the defendants, who constitute the board of trustees of the village of Sing Sing, have contracted debts and liabilities, and have entered into obligations, and have appropriated money, during the fiscal year ending on the second Tuesday in March, 1898, and have ordered drafts drawn upon the treasurer of the village therefor, "and appropriated on the general expense account, a sum exceeding the amount which by law they were authorized to expend, in the sum of six thousand seven hundred ($6,700) dollars." Then follows an allegation that the said drafts are illegal and void, as against the village. We do not see why these averments are not sufficient to enable a taxpayer like the plaintiff to maintain a suit against public officers to restrain illegal official acts, under the Code and statutes authorizing this form of action. Code Civ. Proc. § 1925; Laws 1892, c. 301; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471. The opinion of the learned judge who heard the case at special term indicates that he gave no force or effect to the averment that the trustees, being empowered to appropriate not more than $20,000 for general expense in any fiscal year, had in fact appropriated in one such year $6,700 more than the law allowed, for which

they had ordered drafts drawn on the village treasurer. Such a state of facts presented a prima facie case of illegal official action, the further prosecution or consummation of which might well be opposed by a taxpayer's suit, under the legislation to which we have referred. In such a suit it is not necessary to show, as the defendants here seem to suppose, that the plaintiff will suffer peculiar injury. It is enough for him to show that he has the status as a taxpayer which the statutes prescribe, and that the act of the defendants is one which the law forbids.

For these reasons, without reference to the other points discussed upon the argument, we think it was error to dismiss the complaint on the ground stated.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur.