Clarence De Witt Rogers, Respondent, *v.* The Board of Super-
visors of Westchester County and Others, Defendants,
Impleaded with James L. Taylor and Others, Appellants.

*Temporary injunction granted to a taxpayer — when it will not be disturbed — unau-
thorized publication of abstracts of town and county accounts — payment therefor
restrained — good faith no defense.*

In a taxpayer's action the Special Term may, in the exercise of its discretion,
properly grant the plaintiff a temporary injunction, and the Appellate Division
will not disturb such injunction upon appeal unless it appears on an examina-
tion of the complaint that the taxpayer is clearly and certainly not entitled to
the ultimate relief which he seeks.

The plaintiff, in a taxpayer's action, is not obliged to show that he will suffer
peculiar injury from the act which he seeks to enjoin; it is enough for him to
show that he has the status of a taxpayer which the statute prescribes and that
the act of the defendant is one which the law forbids.

Section 51 of the County Law (Laws of 1892, chap. 686) and section 170 of the
Town Law (Laws of 1890, chap. 569), relative to the publication of the abstracts
of town and county accounts, contemplate that all the abstracts shall be
grouped together in a single publication.

The practice of publishing portions of the town abstracts in different news-
papers throughout the county is unauthorized, and a taxpayer of the county is
entitled to an injunction restraining the payment of bills incurred for such
publications.

The fact that the publications were made in good faith and in accordance with a
custom which had been established in the county does not entitle the news-
paper publishers to receive payment therefor, as they are bound to know the
limitations imposed upon the powers of the county officials.

Appeal by the defendants, James L. Taylor and others, the pro-
prietors of certain newspapers published in Westchester county,
from an order of the Supreme Court, made at the Kings County
Special Term and entered in the office of the clerk of the county of
Westchester on the 17th day of May, 1902, enjoining the board of
supervisors of Westchester county, the clerk of said board and the
treasurer of said county from paying certain bills for the publication
of legal notices in such newspapers.

*H. T. Dykman,* for the appellants.

*Philo P. Safford,* for the respondent.

WOODWARD, J. :

This is a taxpayer's action, and the rule is well settled that in actions of this character the court in the exercise of its discretion may properly grant the plaintiff an injunction, and that it will be sustained unless " we are able to see on an examination of the complaint that he is clearly and certainly not entitled to the ultimate relief which he seeks." (*Ziegler* v. *Chapin*, 126 N. Y. 342, 347; *Warrin* v. *Baldwin*, 105 id. 534, 537; *Armstrong* v. *Grant*, 56 Hun, 226, 228, 229. See, also, *Peck* v. *Belknap*, 130 N. Y. 394, 398, 399; *Webb* v. *Bell*, 22 App. Div. 314, 318, 319.) An examination of the complaint in this action discloses no reason for believing that the plaintiff may not ultimately succeed in establishing his right to the permanent injunction prayed for, and it would be improper, therefore, to interfere with the order appealed from.

Westchester county is a municipal corporation (County Law, Laws of 1892, chap. 686, § 2), and the rule is fundamental that municipal, like private, corporations must act within the limitations prescribed by the sovereign power, and they cannot impose a charge upon the person or property of individuals unless they proceed in the manner prescribed by law. (*Matter of Petition of George Douglass*, 46 N. Y. 42; *Dickinson* v. *City of Poughkeepsie*, 75 id. 65, 73; *Kingsley* v. *Bowman*, 33 App. Div. 1, 6; *Matter of South Market Street*, 76 Hun, 85, 91.) The plaintiff in this action is a taxpayer; his property is about to be taken to pay bills for which, if the allegations of his complaint are true, there is no warrant of law. He has, therefore, all of the rights which any other citizen has whose property is about to be taken without due process of law. In such an action as the present one the plaintiff is not bound to show that he will suffer peculiar injury; he is appearing in behalf of himself and all other taxpayers, and it is enough for him to show that he has the status as a taxpayer which the statute prescribes and that the act of the defendant is one which the law forbids. (*Gerlach* v. *Brandreth*, 34 App. Div. 197, 199; *Bush* v. *O'Brien*, 164 N. Y. 205, 215; *Ayers* v. *Lawrence*, 59 id. 192; *Gorden* v. *Strong*, 158 id. 407, 408; *Wenk* v. *City of New York*, 171 id. 607, 614, 615, and authorities there cited.)

The defendants who appeal are the owners of certain newspapers published in Westchester county, and have been publishing, upon

the order of the clerk of the board of supervisors, certain abstracts of town and county accounts, the bills for which aggregate something over $16,000, and the present action is brought to restrain the board of supervisors from auditing and paying these bills. It appears to be conceded that the provisions of section 51 of the County Law, which, in connection with section 170 of the Town Law (Laws of 1890, chap. 569), is the only authority suggested for the publication of town and county abstracts, has not been complied with, but it is urged on the part of the appellants that the custom has been established in Westchester county of publishing the matters here involved in the manner adopted by the clerk, and that the publication having been made in good faith the county ought to pay the bills and, as a a consequence, that the injunction ought not to have been allowed. But common custom, in excess of corporate powers, does not make the law. It is provided by section 10 of the General Corporation Law (Laws of 1892, chap. 687, as amd. by Laws of 1895, chap. 672) that "No corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers so given," and the rule is established by authority that a contract with a municipal corporation in excess of its corporate powers is invalid. (*Swift* v. *Falmouth*, 167 Mass. 115, 121, and authorities there cited; *Whiteside* v. *United States*, 93 U. S. 247, 257; *Hawkins* v. *United States*, 96 id. 689, 691, and authorities there cited.) Section 51 of the County Law provides: "The clerk shall annually, on or before the first day of January, make out and certify, and within two weeks cause to be published in a newspaper printed in the county, with the abstract of accounts furnished by town auditors, a statement for the preceding year, containing:

"1. An abstract of all county accounts presented to the board at its last annual meeting, allowed or disallowed, with the amount claimed and allowed, and the name of each person presenting the same, and the general nature of the account.

"2. The amount, items and nature of all compensation, audited by the board to each member thereof.

"3. The number of days the board was in session, and the distance traveled by each member in attending the same."

Section 170 of the Town Law provides: "Boards of town auditors shall annually make brief abstracts of the names of all persons

who have presented to them accounts to be audited, the amounts. claimed by each of such persons, and the amounts finally audited by them respectively, and shall deliver such abstracts to the clerk of the board of supervisors, and the clerk shall cause the same to be. printed, with the statements required to be printed by him."

Clearly the purpose of the statute was not to give every person in the county a detailed statement of accounts, but to require a. publication of an official nature which might be found and investigated if abuses crept in, and the statute clearly required that all of the matters mentioned in section 51 of .the County Law should be. grouped together in a single publication, so that the seeker after information might find it all in one place. Instead of doing this, the clerk of the board of supervisors, with the approval of the. board of supervisors, as evidenced by a formal resolution, has been. in the habit of making up the abstracts of certain towns and publishing them in papers which, we may assume, he believed would give the largest notice to the people directly interested in the. accounts, while other towns were parceled out to other newspapers. in other parts of the county, but in none of them, or at least in very few of them, has he published all of the matters required to. be published by the County Law. There is no authority for publishing the abstract of town accounts for a few towns in one part of the county and a few more in another part of the county. The. authority of the statute, and there is no other, is to publish these. matters in "a newspaper printed in the county," and when that has. been done the authority is at an end, and all of the legitimate purposes of the law have been served. It has not been complied with. by cutting these matters up into parcels and distributing them. among thirty or forty newspapers, so that the searcher after the. financial records of the towns and county will never know when he. has them all, and the defendant newspapers, in contracting with an official of the municipality, are bound to know the limitations on his powers. So far as we discover, there has been no legal publication such as the statute requires, certainly not on the part of a large. majority of the claimants, and the contract cannot be ratified by either party, because it could not have been authorized by either ; no performance on either side can give the unlawful contract any validity or be the foundation of any right of action upon it. When

a corporation is acting within the general scope of the powers conferred upon it by the Legislature, the corporation, as well as persons contracting with it, may be estopped to deny that it has complied with the legal formalities which are prerequisites to its existence or its action, because such prerequisites might, in fact, have been complied with. But when the contract is beyond the powers conferred upon it by existing laws, neither the corporation nor the other party to the contract can be estopped, by assenting to·it or by acting upon it, to show that it was prohibited by those laws. (*Louisville, etc., Ry. Co.* v. *Louisville Trust Co.,* 174 U. S. 552, 572, and authorities there cited.) If the parties to the contract cannot be estopped to question the extent of the powers of the corporation, the plaintiff, as a taxpayer, certainly has a right to interfere to prevent the payment of claims against the county for which there is no authority of law, and it was proper, therefore, that an order of injunction should issue.

The order appealed from should be affirmed, with costs.

All concurred, except JENKS, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.