(89 App. Div. 241.)

### VILLAGE OF WALDEN v. RELYEA.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MUNICIPAL CORPORATIONS—IMPROVEMENT OF SIDEWALKS—NOTICE TO PROPERTY OWNER.

     The fact that a property owner knew that a sidewalk improvement was being made did not preclude him from objecting, in an action against him to recover for the improvement, that the copy of the order for the improvement, and notice that the village would make it at his expense if he did not, had not been served upon him as required by the charter.

**2. SAME—SIDEWALK ASSESSMENTS—NONCOMPLIANCE WITH CHARTER.**

A property owner is not liable to a village for a sidewalk assessment where he was not served, as required by the village charter, with a copy of the order for the improvement, together with notice that, if he did not make the improvement within the time specified, the village would do so at his expense.

**3. SAME—CHARTER—CONSTRUCTION.**

Where a village charter provided in one section for the construction and repair of streets, lanes, highways, or public grounds, and in two subsequent sections for the construction and repair of sidewalks, construing the whole together, the village could not act in the repair of sidewalks in the manner pointed out by the section on streets, etc.

Appeal from Special Term, Orange County.

Action by the village of Walden against William W. Relyea. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph M. Fowler, for appellant.

E. B. Walker, for respondent.

WOODWARD, J. The village of Walden, incorporated under the provisions of chapter 777, p. 1952, of the Laws of 1870, brings this action to recover a judgment for the amount of an unpaid sidewalk flagging assessment. Upon the trial a verdict in favor of the plaintiff for the amount of the claim was found, and from the judgment entered an appeal comes to this court.

The defendant urges that the assessment was void because of noncompliance with the requirements of the village charter relative to the laying of sidewalks, and making assessments therefor; that no personal liability can exist against the defendant, because of his nonresidence within the municipality; and that the charter provision in reference to the laying of sidewalks is unconstitutional. It is conceded that the plaintiff did not comply with the provisions of sections 50, 51, and 52 of its charter, in reference to the construction of sidewalks; but the respondent insists that the defendant, who appears to have had notice that the improvement was being made, has waived the right to contest this question, and that the action of the defendant was taken under the provisions of section 48 of its charter.

Section 50 of the charter provides that:

"The trustees shall have power to cause sidewalks to be constructed, made, relaid, reset, amended or repaired in said village, and to cause the same to be flagged and curbed, or flagged only or curbed only, in such manner, at such times, and of such materials, as they may prescribe or direct."

Section 51 provides:

"The board of trustees, in their resolutions requiring such flagging or curbing, shall specify in what manner and within what time they require the same to be done. They shall cause to be served, at least twenty days before the expiration of the time specified for such performance, upon the owners or occupants of the lands adjoining such sidewalk so to be improved as aforesaid, a copy of such order, together with a notice that, if the same be not done within the time specified by the several owners or occupants

¶ 2. See Municipal Corporations, vol. 36, Cent. Dig. § 747.

of the adjacent lands, it will be done by said trustees at the expense of such owners or occupants."

It is conceded that no such copy of the order and notice was served upon the defendant, and the mere fact that he knew of the improvement does not preclude him from raising the question as a defense to an action to recover for this improvement. Matter of Sharp, 56 N. Y. 257, 15 Am. Rep. 415. Where the defendant's rights of property are involved, he has a right to insist that a failure to give him notice as required by the charter is a substantial and fatal defect, for the technical, but sound, reason that the statute intended for his protection has not been observed. Moore v. Mayor, 73 N. Y. 238, 250, 29 Am. Rep. 134. Municipal, like private, corporations, must act within the limitations prescribed by the sovereign power, and they cannot impose a charge upon the person or property of individuals unless they proceed in the manner prescribed by law. Rogers v. Board of Supervisors, 77 App. Div. 501, 502, 78 N. Y. Supp. 1081; In re the Petition of George Douglass, 46 N. Y. 42; Dickinson v. City of Poughkeepsie, 75 N. Y. 65, 73; Kingsley v. Bowman, 33 App. Div. 1, 6, 53 N. Y. Supp. 426. And the manner of its exercise must be strictly pursued. Schneider v. City of Rochester, 160 N. Y. 165, 172, 54 N. E. 721, and authorities there cited. The only power of the village to act must be found in the charter, and it is only by complying with the provisions there laid down that it can have any right to impose a duty or burden upon the citizen; and a failure to observe the conditions precedent may be set up as a defense to an action of the character now before us, even though it appears that the defendant knew, in a general way, that the improvement was being made. He did not acquiesce in any irregularity; he had a right to assume that public officials were acting in accordance with the law; and he cannot be held to have waived any of his rights, unless it might be shown conclusively that he knew of the illegality and participated in the benefits. If there was no justification for this charge, other than that afforded under sections 50 and 51, there is no doubt that the defendant is not liable.

We are thus called upon to examine the provisions of section 48 of the plaintiff's charter, to determine whether it justifies the claim against the defendant. This section provides:

"The said trustees shall have power to cause any street, alley, lane, highway or public grounds in said village, to be graded, leveled, paved, repaired, macadamized, planked or graveled, and to cause cross-walks, drains, sewers, culverts, reservoirs, cisterns, pumps or wells, to be constructed, made, relaid, amended or repaired; and to determine by resolution, to be entered in their minutes of proceedings, what part or portion, if any, of the expense of such improvements made or directed under this section shall be paid or defrayed out of the street fund, and what part or portion thereof, if any, shall be defrayed by local assessments upon such portions of the real estate in said village as the assessors of said village shall deem more immediately benefited by such improvement."

The respondent urges that this power to cause "any street, alley, lane," etc., to be "paved, repaired, macadamized, planked or graveled," is broad enough to cover the flagging of sidewalks, and that the work done upon the defendant's sidewalk was performed under this section

of the charter, 25 per cent. of the cost being charged to the village. If this section of the charter stood alone, and was the only provision relating to streets, highways, etc., we should find little difficulty in reaching the conclusion contended for by the respondent. The rule is, however, that in the construction of statutes, as in all other written instruments, the whole act is to be taken into consideration; and, when we find in sections 50 and 51 detailed provisions in reference to sidewalks, we are bound to conclude that the Legislature did not use the language in section 48 with the intent of making it cover sidewalks, but that it was designed to apply to the highways in general, with special provisions to follow in reference to sidewalks. This makes the whole act useful, and prescribes definitely the action which the village is authorized to take in respect to the streets and sidewalks. This brings the provision within the rule that where a statute contains separate provisions, one special and the other general, the latter will not be construed as including the former, but the special provision will be regarded as in the nature of an exception to the general one (Wormser v. Brown, 149 N. Y. 163, 170, 43 N. E. 524, and authorities there cited), and forbids us holding that the village could act under this provision in putting down sidewalks. The judgment appealed from should be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.