WILLETT HICKS, Respondent, v. LORIN J. EGGLESTON, Chairman, and MILES K. LEWIS and Others, Members, Composing the Board of Supervisors of the County of Dutchess, and ALLAN H. HOFFMAN, Sheriff of the County of Dutchess, Appellants.

*Taxpayer's Act — it must be liberally construed — right to compel the restitution of money improperly paid to a sheriff on bills presented to the board of supervisors — collusion between the sheriff and members of the board need not be alleged.*

The Taxpayers' Act (Laws of 1892, chap. 301) is a remedial statute and should be liberally construed for the purpose of effectuating the object of its enactment.

Where, after the payment of bills presented by the sheriff of a county to the board of supervisors thereof, a taxpayer brings an action against the sheriff and the members of the board of supervisors of the county, who audited the sheriff's bills, for the purpose of compelling the sheriff to restore to the county treasurer a portion of the money paid to him in settlement of his bills, it is sufficient for the taxpayer to allege that a large portion of the items contained in the sheriff's bills were illegal charges against the county, either because they were not provided for under the statutes, or because they were in excess of the amounts authorized by law.

It is not necessary in such a case for the taxpayer to allege in his complaint collusion on the part of the members of the board of supervisors.

APPEAL by the defendants, Lorin J. Eggleston, chairman, and others, members, composing the board of supervisors of the county of Dutchess, and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 3d day of October, 1904, upon the decision of the court, rendered after a trial at the Orange Special Term, overruling the defendants' demurrer to the plaintiff's complaint.

*J. L. Williams* [*C. Morschauser* with him on the brief], for the appellants.

*Frank Hasbrouck,* for the respondent.

WOODWARD, J.:

The plaintiff, a taxpayer, brings this action under the provisions of chapter 301 of the Laws of 1892 to prevent the payment of certain alleged illegal claims of the sheriff of Dutchess county, and the defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The learned court at Special Term has overruled the demurrer, and in this we are of opinion that there is no error.

Both the board of supervisors, who audited the bills, and the sheriff are made parties defendant, and the bills having been audited and paid, it is the purpose of the action to recover the money and to restore the same to the treasury of the county of Dutchess, it being alleged that a large portion of the items contained in the bill of the sheriff as audited were illegal charges against the county, either because they were not provided for under the statutes, or because they were in excess of the amounts authorized by law. These taxpayers' actions have been before the courts so often that it would seem that the law ought to be very well and clearly established, but the defendants seem to have misapprehended some of the language used by the courts, and to have reached the conclusion that it is necessary, in order to undo an illegal or dishonest official act, that the plaintiff should allege and be prepared to prove collusive action on the part of the officer or board making the audit. It may be that, under the language of the statute, before there can be a recovery from the individual members of the board of supervisors, who have audited this bill, it would be necessary to allege the facts showing collusion among the members voting in support of the audit, but in this case, where the board of supervisors and the sheriff are both before the court, and it is alleged that the bills presented by the sheriff and audited by the board are illegal; that they are either unauthorized by law or are in excess of the amounts authorized, it cannot be doubted that a good cause of action is stated, and that there may be a recovery from the sheriff of the amount in excess of that which the law sanctions. The statute provides that "all

officers, agents, commissioners and other persons acting, *or who have acted,* for and on behalf of any county, town, village or municipal corporation in this State, and each and every one of them, may be prosecuted, and an action or actions may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, *or to restore and make good,* any property, funds or estate of such county, town, village or municipal corporation by any person or corporation," etc. The language of the act is very broad; it is a remedial statute, to be liberally construed for the purpose of effectuating the object of its enactment. (*People ex rel. Trustees* v. *Board of Supervisors,* 131 N. Y. 468, 472; *Ayers* v. *Lawrence,* 59 id. 192, 196.) It has been said of a similar act that it "expressly authorizes a taxpayer to maintain an action for the prevention and restraint of 'any illegal official act' on the part of the officers of any county, town, or municipal corporation. * * * The statute assumes that any illegal official act is or may be injurious to the corporation when done by its servant, and allows him to be restrained simply because of the illegality." (*Warrin* v. *Baldwin,* 105 N. Y. 534, 537.) The language of the statute is that the action may be maintained, not merely to enjoin the doing of any illegal official act, but "to prevent any illegal official act * * *, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of" such corporation. Clearly any action on the part of the sheriff of the county, by which he procures the audit of a bill for thousands of dollars in excess of the amount which the statutes of this State permit him to exact of the taxpayers, is an illegal official act within the contemplation of the statute, both on his part and on the part of the members of the board of supervisors making such audit, and it was the purpose of the statute to authorize a taxpayer to prevent the consummation of such illegal official acts in the first instance, or to prevent their enjoyment by compelling those who had received the funds or property of the county by means of such illegal official acts to restore the same.

Viewing the statute in this light, and reading the complaint in this action, there can be no doubt that the plaintiff has stated facts sufficient to constitute a cause of action, and it is not necessary here to determine whether all of the matters stated, some of which may

be open to the objections suggested, state good grounds for an action. It is enough for the purposes of this discussion to point out that the complaint alleges the formal matters necessary, and that it alleges that "plaintiff is informed and believes that the item of charge by said defendant Hoffman as said Sheriff, against said County of Dutchess, in said bill, of One Thousand Three Hundred and Ninety-eight and 50/100 Dollars ($1,398.50) for 'Court Accounts,' as stated in said bill, is made up of alleged charges for various services claimed to have been performed in and about the Criminal Courts of Dutchess County, and contains many false, fraudulent and illegal charges, and many charges in excess of the legal rates allowable for such services; and said item is in excess of the legal charges according to fees allowed by law for performing said services alleged to have been performed to an amount of at least Nine Hundred ($900.00), and said overcharge is fraudulent, unauthorized, unwarranted and illegal."

If these facts are established there can be no doubt that an illegal official act was committed in the presentation and audit of this bill, in so far as it exceeds the legal charges for the services rendered, and the plaintiff has a right to maintain the action and to have an opportunity to prove these facts. Similar allegations are made in reference to a large number of items in the bill, and there can be no doubt that the demurrer was properly overruled.

The interlocutory judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., BARTLETT, JENKS and MILLER, JJ., concurred.

Interlocutory judgment affirmed, with costs.