Elston F. Holton, a Taxpayer of the County of Monroe, Appellant, *v.* Board of Supervisors of the County of Monroe and Others, Respondents.

Fourth Department, June 26, 1935.

*Edward M. Ogden,* for the appellant.

*Marvin R. Dye,* for the respondents.

Edgcomb, J. On the record before us we reach the conclusion that there is a fair dispute as to whether or not certain official duties which had formerly been performed by the medical supervisor of the Monroe County Home and Hospital, have not been taken away from him and given over to the assistant deputy com-

missioner, in charge of home and hospital buildings, one of the newly-created offices called for in the resolution of the board of supervisors. The creation of the three new offices at an increased salary, if such officials are to perform substantially the same work done by the occupants of the abolished positions, can hardly be said to be in the interest of economy.

If the resolution of the board of supervisors abolishing the office of medical supervisor of the Monroe County Home and Hospital was not passed in good faith and was a mere subterfuge to evade the Civil Service Law, as is alleged in the complaint, it was a void and illegal act. (*Matter of Schmidt* v. *Board of Supervisors*, 244 App. Div. 493; *Matter of McCartney* v. *Board of Supervisors of Monroe County*, Id. 891; *Matter of Jones* v. *Willcox*, 80 id. 167, 171; *People ex rel. Corrigan* v. *Mayor, etc.*, 149 N. Y. 215, 225.)

A taxpayer's action will lie to restrain a county official from the commission of any illegal act, when such act would result in waste or injury to the county. (General Mun. Law, § 51; Civil Service Law, § 28; *Olmsted* v. *Meahl*, 219 N. Y. 270; *Peck* v. *Belknap*, 130 id. 394; *Schieffelin* v. *Dolan*, 204 App. Div. 351.)

Statutes giving a taxpayer a right of action to prevent waste or injury to the people of a municipality are remedial in their nature and must be liberally construed. (*Hicks* v. *Eggleston*, 105 App. Div. 73, 75; *Queens County Water Co.* v. *Monroe*, 83 id. 105, 107; *Blanshard* v. *City of New York*, 141 Misc. 609, 617; affd., 235 App. Div. 714.)

While it is true that the granting of an injunction *pendente lite* rests largely in the discretion of the court (*Witbeck* v. *Niagara, Lockport & Ontario Power Co.*, 214 App. Div. 371, 373; *Hatch* v. *Western Union Telegraph Co.*, 93 N. Y. 640), that discretion is subject to review in this court. Under the circumstances disclosed by this record, it would appear that the fair administration of justice would be promoted if the *status quo* of the parties should be preserved until their rights could be determined upon a trial of the issues and that a denial of this motion might result in this action proving ineffective, however meritorious it might prove to be.

For the reasons above stated, we think that the order appealed from should be reversed, with ten dollars costs and disbursements, and that the motion should be granted.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the facts as matter of discretion, with ten dollars costs and disbursements, and motion for temporary injunction granted.