Guy A. Graves, J.
The above-named petitioners have brought an article 78 proceeding to compel respondent Board of Trustees of Schenectady County Community 'College (hereinafter referred to as the Bobrd), to make public the minutes of the respondent Board. The petitioner Lawrence Cline, president of the Schenectady Community College Faculty Association, has brought this proceeding individually and as the president of said faculty association. The petitioner David McMullon is a resident of and a taxpayer of the County of Schenectady and is also an employee of the college and a member of the faculty association.
The attorneys for the petitioners agreed orally upon the argument of this motion to discontinue the proceeding as against the respondent Robert C. Larsson, as president of the community college.
The basic facts in this proceeding are undisputed. It appears that the Board was created pursuant to and derives its powers and duties from article 126 of the Education Law, Sections 6302, 6304 and 6306 of the Education Law generally govern the establishment and operation of community colleges. The Legislature of Schenectady County is the local sponsor of the college. Generally, section 6304 provided that the local sponsor shall provide one half of the capital costs of the college, and one third of the costs (or so much of the cost as may be necessary.) The remainder of the fund for the operation of the college comes from State aid, tuitions, gifts, etc. The sponsor, namely, the County of Schenectady, contributed 20.5% of the college’s operating budget for the present current year. It is established that this amount or percentage is derived ultimately from taxation of taxpayers in the County of Schenectady. Section 6306 provides that community colleges be administered by nine-member boards, five members of which are to be appointed by the local legislative body and the balance being appointed by the Governor of the State of New York. v Subdivision :2 of section 6306 gives the Board the power to appoint the president of the college, to adopt curriculum, to prepare a budget, and. to perform the general functions of overseeing the operation of the college. The Education Law *538 further provides for -accountability by the respondent Board of Trustees to Schenectady County Board of Representatives and to the State University of the State of New York. The budget for the college is adopted by the '.County Board of Representatives after a public hearing. Said budget is primarily prepared by the board and the final disbursements made 'thereunder are made pursuant to the authority of the Board. Any contract negotiated pursuant to the Taylor Act respecting terms and conditions of employment, including salaries and fringe benefits, is approved and executed by the County Board of Representatives. The Board maintains its own financial accounts and controls disbursements therefrom.
Both petitioners sent letters dated April 30 to the chairman of the Board and the president of1 the college, requesting an opportunity to examine the official minutes of the Board for the years 1972 and 1973. This access to the minutes was sought on the grounds that the minutes were public records and subject to inspection .by taxpayers of the County of Schenectady, officers of the college faculty association, and its employees. The Board chairman in response thereto by letter of June 8, 1973 stated that it was the Board’s policy to. exclude the public from its meetings except by invitation and that it was the Board’s policy to treat the Board minutes as “ confidential material ”. The Board stated its willingness to make available to the petitioners only those portions of its official minutes as it . deemed to be “ non-confidential ”. f
Within one month of the Board’s denial of the petitioner’s request to examine the official Board minutes, the petitioners commenced this proceeding.
The only question presented to this court is whether or not the minutes of the Board are matters of public record and whether or not the petitioners herein have standing before this court to maintain this proceeding.
The court here determines that the petitioner David McMullon who is both a resident and taxpayer of the County ol Schenectady does have legal standing to maintain this proceeding. The mere fact that .he may also be an employee of the college or a member of the faculty association is immaterial. The purpose or motives of the petitioner in obtaining copies of the minutes of the Board of Trustees are likewise immaterial.
The petitioner Lawrence Cline as a resident of the County of Schenectady and as an officer of the faculty association does not have legal standing to maintain this proceeding and within the meaning of section 51 of the General Municipal Law.. It does *539 not affirmatively appear that he is a “ taxpayer or registered voter ” of the County of ¡Schenectady as required by section 51 of the General Municipal Law. The petition of Lawrence Cline in his individual capacity and as an officer of the faculty association.is consequently dismissed.
The pertinent and determinative sections of law governing public records, and as to what is a public record, are set forth in section 51 of the ¡General Municipal Law and section 66 of the Public Officers Law.
Section 51 of the ¡General Municipal Law, as amended by chapter 484 of the Laws of 1973, provides in part that: “ All books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county, town, village or municipal corporation in this state or any body corporate or other unit of local government in this state which possesses the power to levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments or for which taxes or benefit assessments upon real estate may be required pursuant to law to be levied, including the Albany port district commission, are hereby declared to be public records, and shall be open during all regular business hours, subject to reasonable regulations to be adopted by the applicable local legislative body to the inspection of 'any taxpayer or registered voter, who may copy, photograph or make photocopies thereof' on the premises where such records are regularly kept.”
Section 66 of the Public Officers Law reads as follows: “ Persons having custody of papers in public offices to search files and make transcripts. A person, having the custody of the records or other papers in a public office, within the state, must, upon request, and upon payment of, or offer to pay, the fees allowed by law, or, if no fees are expressly allowed by law, fees at the rate allowed to a county clerk for a similar service, diligently search the files, papers, records, and dockets in his office; and either make one or more transcripts therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him, can not be found.”
An examination of section 51 reveals that the statute permits access to “ all books of minutes * * * or other papers connected with or used or filed in the office * * * board or commission acting for or on behalf of any county ”. The respondent Board is a “ board ”, and is so denominated in *540 section 6306 of the Education Law, the section setting forth the Board’s power and duties. The Board does admit that it does act On behalf of the Schenectady County, the local sponsor of the college.
Section 51 of the General Municipal Law further provides that the county or other municipal corporation on whose behalf the Board functions must have the power to levy taxes upon real estate. There is no question but that the local sponsor, the County of Schenectady, has the power to levy taxes upon real property. A portion of the funds used to operate the college is derived from taxes levied upon the resident taxpayers of the County of Schenectady. The college admits that 20.5% of the college budget is provided by the County of Schenectady. Section 51 does not require that taxes upon real estate be used to support the operation of the Board in question, but merely requires that the municipal corporation in question possess the power to levy taxes upon real estate. The necessary elements and provisions of section 51 are complied with, insofar as the minutes of the Board are concerned and this court determines that the same are matters of public records.
The mere fact that the Board is not an elected body is not determinative of the question as to whether the minutes are a matter of public record. Section 51 specifically states .that it applies to ¡any “ board or commission acting for or on behalf of any county ”
The respondent contends that the faculty association and its employees are precluded from maintaining this proceeding since the merits of this application are subject to the exclusive jurisdiction of the Public Employment Relations Board under article 14 of the Civil Service Law. The court here finds no merit in this contention. The Taylor Act did not limit or prescribe any existing rights that a taxpayer has by virtue of1 section 51 of the General Municipal Law and section 66 of the Public Officers Law.
The New York State Legislature has enacted certain statutes which define both right of inspection of public records and the manner in which the right is to be exercised (see Education Law, § 144; Public Officers Law, § 66; Judiciary Law, §§ 255, 255-b; General Municipal Law, § 51). All these provisions express a strong and forthright legislative policy to make available to public inspection and access all records or other papers where there is no compelling reason for secrecy or where secrecy is not enjoined by statute or rule. The respondent Board has not supplied this court with any statute or rule which enjoins *541 secrecy and it has not shown any compelling reason why the minutes of the Board- are not a matter of public record. Openness to public scrutiny is one of the means by which public officials -on boards can be held accountable for their official conduct of public business. The privilege of secrecy and confidentiality must have a compelling and justifiable basis.
Since the statutory provisions cited herein are remedial in nature, the courts have held that they should be construed in a liberal manner for -the protection of the taxpayer. (See Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677; Matter of Werfel v. Fitzgerald, 23 A D 2d 306; Holton v. Board of Supervisors of County of Monroe, 245 App. Div. 144; Matter of Egan v. Board of Water Supply, 205 N. Y. 147; Sears Roebuck & Co. v. Hoyt, 202 Misc. 43 and Matter of Winston v. Mangan, 72 Misc 2d 280.) These cases establish that the public examinhtion of public records is a fundamental right of citizens and taxpayers, and whatever motive or purpose may be involved in examining the said records is immaterial.
Counsel for the respective parties have recognized that this is a case of first impression. The court’s determination herein is not to be construed in any manner as critical of the Board’s past policy in respect to its minutes.
¡The court herein determines that the minutes of the respondent Board are public records and fall within the provisions of section 51 of the General Municipal Law. The petitioner taxpayer David McMullon is granted the right to examine and copy the official minutes of the respondent Board of Trustees, subject to reasonable regulations designed to permit orderly access to the same.